In the Matter of the Application of J. FREDERIC KERNOCHAN and Another, as Committee of MARIE MARSHALL, an Incompetent Person, for a Certiorari Order against WALTER W. LAW, JR., and Others, Constituting the State Tax Commission.

Third Department, January 10, 1923.

**Taxation — income tax — net income — salary paid to committee of person of incompetent not deductible from gross income under Tax Law, §§ 357, 360 and 361.**

In determining the net income of an incompetent person under section 357 of the Tax Law for the purpose of fixing income tax, the salary paid to the committee of the person of the incompetent is not deductible from the gross income under sections 360 and 361 of the Tax Law, for the salary is not an expense " in carrying on any trade or business," but comes under the head of " personal, living, or family expenses," within the meaning of section 361 of the Tax Law, and such expenses are not deductible.

---

*Amended by Laws of 1917, chap. 705. Since amd. by Laws of 1920, chaps. 532, 533; now Consol. Laws, chap. 67 (Laws of 1922, chap. 615), § 15, subd. 3, ¶ u; Id. § 15, subd. 5.— [REP.

CERTIORARI ORDER granted out of the Supreme Court at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 14th day of October, 1922, directed to Walter W. Law, Jr., and others, constituting the State Tax Commission, commanding them to certify and return to said clerk's office all and singular their proceedings had in assessing an income tax against the petitioners for the year 1920.

*Henry F. Miller*, for the petitioners.

*Charles D. Newton*, Attorney-General [*James S. Y. Ivins* and *Laurence Graves* of counsel], for the defendants.

HINMAN, J.:

The relators, as committee of the estate of Marie Marshall, an incompetent, have been assessed an additional income tax of about $300 for the year 1920. Objection is raised to the refusal of the State Tax Commission to allow as a deduction the sum of $10,000, which was paid from income in 1920 to J. Frederic Kernochan for his compensation as committee of the person by order of the court. J. Frederic Kernochan and the New York Life Insurance and Trust Company are the committee of the property of said incompetent. The incompetent was formerly an inmate of an insane asylum in Virginia. By authority of the court a house adjacent to the asylum was bought in her name by the committee, to which she was subsequently removed, and thereafter, including the period for which this tax was assessed, she has remained in a separate household where she has been able to obtain the advantages without the discomforts incident to being an inmate of such asylum.

The committee of her person is the business manager by whom all the business details of this separate establishment are attended to. He has employed a competent housekeeper, a personal attendant, a maid and a full retinue of servants, includ ng cook, utility man, laundress, house maid, assistant gardener and coachman. He has supplied her with conveyances, literature and musical instruments for her enjoyment. He conducts a large correspondence, makes personal visits to Virginia from his home in New York State and gives consideration, advice and directions as to all details of the management of this establishment. His own compensation for acting as such committee of the person of the incompetent is the sole item involved.

It is claimed by the relators that the compensation paid to the committee of the person was an ordinary and necessary expense in carrying on the business of the management of the affairs of the incompetent by the court through its agent, the committee.

The theory of the relators is that the salary of the committee of the person is as much an expense of administration of the estate of the incompetent as are the items of expense of the committee of her property, which have been allowed as proper deductions so far as such items of expense have related to the management of her property other than the property which constitutes her home in Virginia.

The term "net income" as defined by section 357 of the Tax Law* means the gross income "less the deductions allowed by this article." No deduction can be allowed unless justification therefor is found in the statute. Section 360, subdivision 1, of the Tax Law† is the only provision under which, if at all, this deduction could be made. This subdivision, however, clearly relates only to expenses "in carrying on any trade or business." Section 361 of the Tax Law* specifically provides that in computing net income no deduction shall in any case be allowed in respect of "personal, living, or family expenses." It is not necessary for us to decide in this case whether the committee of the property of the incompetent is "carrying on any trade or business" in handling the property of the incompetent, which question was not conclusively determined in *People ex rel. Kernochan* v. *Wendell* (198 App. Div. 197; affd., without opinion, 232 N. Y. 551).

For the purpose of deciding the question presented here we may assume without deciding it that the committee of the property of the incompetent should be permitted to deduct from the gross income derived from her property the ordinary and necessary expenses of collecting such income. The theory upon which such a deduction would be made would be that the tax purports to be a net income tax and that it would work an injustice if the term "trade or business" did not include the necessary occupation of the collection of the revenue derived from the property of the incompetent. It might be permissible to so liberally interpret the term "business" as to include the occupation of a person whose duty it was to invest and reinvest the funds of an estate, to conserve the property of an estate and to collect the income therefrom, to avoid the possibility of a construction that the statute was discriminatory.

The contention of the relators is, however, that if such expenses of the administration of the estate by the court through its committee are to be deducted, the compensation paid to the committee of the person is an expense of administration which should be

* Added by Laws of 1919, chap. 627.— [REP.

† Added by Laws of 1919, chap. 627. Since amd. by Laws of 1921, chap. 477.— [REP.

deducted in ascertaining the net income to be taxed. The difficulty with this contention is that while the management of the person and of the home of the incompetent is a part of the management of the affairs of the incompetent and is thus a part of the administration of the incompetent's estate, the affairs of an incompetent like the affairs of an ordinary business man have at least two phases: one relating to his personal, living and family affairs and another relating to his business affairs. It is only in relation to the latter that any deduction for expenses can be made. It would be absurd to consider the management of his home as a " trade or business " and the statute has made this perfectly clear by expressly providing that there shall be no deduction for "personal, living, or family expenses." The mere fact that the committee of the person of this incompetent calls himself the business manager of the elaborate establishment carried on for her benefit in connection with the asylum in Virginia, does not constitute him a manager of any " business " of the incompetent within the meaning of section 360, subdivision 1, of the Tax Law. The magnitude of the work of managing such an expensively maintained home does not change the character of the service rendered. It is a " personal " service, a " living " expense of the incompetent within the meaning of section 361 of the Tax Law and is thus not deductible. If a wealthy resident of this State, competent to manage his affairs but physically infirm, were to employ a manager to administer everything relating to his personal comforts in and about his home, employing a large retinue of servants and directing their activities, it could not be contended with any semblance of reason that this was " carrying on any trade or business " within the meaning of section 360, subdivision 1, of the Tax Law. Such an expense would clearly come within " personal, living, or family expenses " within the meaning of section 361 of the State Tax Law. We can see no distinction between that and the case at bar merely because in the one case the person in question would be employed by the person whose estate is being taxed, whereas in the case at bar he is employed by order of the court.

The determination of the State Tax Commission should be confirmed but without costs, it having been stipulated that no costs be taxed by either party.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK, JJ.

Determination unanimously confirmed, without costs.